Filed 5/26/21  P. v. Irvin CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B306476 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA408988) |
| v. | |
| LAYVONTA TRAMALE IRVIN, | |
| Defendant and Appellant. | |

THE COURT:

Defendant and appellant Layvonta Tramale Irvin (defendant) appeals from the denial of his motion to strike sentence enhancements.  Where, as here, appointed counsel has filed a brief raising no issues in an appeal seeking postjudgment relief, the appellate court is not required to conduct an independent review of the record for arguable issues.  (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1039-1040, review granted Oct. 14, 2020, S264278; see *People v. Serrano* (2012) 211 Cal.App.4th

496, 503.) If the defendant files his or her own supplemental brief or letter, however, we consider the contentions or arguments set forth therein. (*People v. Cole*, *supra*, at p. 1039.) After defendant was notified of his counsel's brief and given leave to file his own brief or letter setting forth any grounds or argument he wanted to have considered, defendant filed his own supplemental brief on appeal.

## BACKGROUND

In 2013, defendant was convicted in count 2 of battery with serious injury, in violation of Penal Code section 243,[1] subdivision (d), and of mayhem in violation of section 203, in count 3. Defendant admitted a prior conviction and on October 31, 2013, the trial court sentenced defendant under the "Three Strikes" law (§§ 667, subds. (b)-(j) & 1170.12) to a total term of 13 years in prison, comprised of the middle term of four years for count 3, doubled to eight years, plus five years pursuant to section 667, subdivision (a)(1); and a concurrent term of 11 years as the battery. We reversed count 2 and struck references to the one-year prison term enhancements from the abstract of judgment since they were not imposed by the court.

---

[1] All further statutory references are to the Penal Code, unless otherwise indicated. For background we summarize in part from our opinion in *People v. Irvin* (Oct. 29, 2014, B252665) (nonpub. opn.).

After remand a new abstract of judgment was filed on October 19, 2017, reflecting only the previously imposed 13-year sentence on count 3.

In 2018, in Los Angeles County Superior Court case No. VA095294, defendant applied to have a conviction under Health and Safety Code section 11377, subdivision (a) (possession of a controlled substance) reduced to a misdemeanor under Penal Code section 1170.18, subdivision (g) (Proposition 47). On April 6, 2018, the trial court granted the application and ordered defendant to be released from parole. In April 2020, defendant filed a motion for his sentence to be modified by striking all prior prison term enhancements pursuant to section 667.5, as amended effective January 1, 2020, and by striking the five-year recidivist enhancement pursuant to sections 1385 and 667, subdivision (a)(1), as amended by Senate Bill No. 1393 (2017-2018 Reg. Sess.), effective January 1, 2019.

The motion was denied on May 13, 2020. The trial court determined that defendant's judgment had become final prior to January 1, 2019. In addition the court ruled that if it had the discretion to dismiss the prior conviction it would not do so because of defendant's record and his conduct in this case.

Defendant filed a timely notice of appeal from the trial court's order.

## DISCUSSION

In his supplemental brief defendant withdraws his challenge to the one-year prior prison term enhancements but contends that the trial court erred in denying his motion to strike the five-year recidivist enhancement without an evidentiary hearing, because his conviction for possession of a controlled substance was reduced to a misdemeanor under Proposition 47.

Proposition 47 expressly provides that it is not "intended to diminish or abrogate the finality of judgments in any case not falling within within the purview of this act." (§ 1170.18, subd. (n).) "[A] successful Proposition 47 petitioner may subsequently challenge . . . any felony-based enhancement that is based on that previously designated felony, now reduced to misdemeanor, [only] so long as the judgment containing the enhancement was not final when Proposition 47 took effect." (*People v. Buycks* (2018) 5 Cal.5th 857, 879.) "A judgment becomes final when the availability of an appeal and the time for filing a petition for certiorari with the United States Supreme Court have expired." (*Id*. at p. 876, fn. 5.) The California Supreme Court denied review of the judgment in *People v. Irvin, supra*, B252665, on January 14, 2015 (S222586), and the remittitur was filed February 2, 2015. That judgment was thus not final when

Proposition 47 took effect on November 5, 2014.[2]  However, Senate Bill No. 1393 (2017-2018 Reg. Sess.) was not in effect until January 1, 2019, after defendant's 2013 conviction was final.  The amendments enacted by Senate Bill No. 1393 apply retroactively only to cases that were not final at the time it became effective.  (*People v. Garcia* (2018) 28 Cal.App.5th 961, 971-973.)

Regardless, defendant has not shown that the five-year enhancement was based on defendant's violation of Health and Safety Code section 11377.  Nor could it have been as that offense is not a violent felony as defined in Penal Code section 667.5 or a serious felony as defined in subdivision (c) of section 1192.7, a prerequisite to the imposition of the enhancement.  (§ 667, subd. (d)(1).)  At defendant's 2013 sentencing hearing the prosecutor indicated that the prior convictions admitted by defendant were a 2008 violation of section 422 (criminal threats) and a 2004 violation of section 245, subdivision (a)(1) (assault with a deadly weapon).[3]  Both offenses are serious felonies, which made

---

[2]     The federal district court denied defendant's petition for writ of habeas corpus in 2017.  (*Irvin v. Warden* (C.D.Cal., Mar. 20, 2017, No. 2:16-CV-02463.)

[3]     The appellate record does not include the information or a transcript or minute order of defendant's admissions to prior convictions.  The preconviction probation report is part of the record and it shows the two prior convictions.

5

defendant eligible for the five-year recidivist enhancement. (§ 1192.7 subds. (23) & (38); see § 667, subd. (a)(1).)

We conclude that the trial court did not err in denying defendant's motion to strike the five-year enhancement from the 2013 judgment.

Defendant also requests remand to the trial court to consider an early release due to his medical condition and increased risk of contracting COVID-19. As defendant has not shown that a request for compassionate release was "properly initiated by prison or parole authorities" pursuant to section 1170, subdivision (e), or that his appeal is taken from an order of the trial court denying such a request (see *People v. Loper* (2015) 60 Cal.4th 1155, 1158), we cannot assist.

## DISPOSITION

The order denying defendant's motion to strike enhancements is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____
LUI, P. J.                    CHAVEZ, J.                    HOFFSTADT, J.